WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana C. Lopez,<br><br>              Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Commissioner of Social Security,<br><br>              Defendant. | No. CV-09-01955-PHX-JAT<br><br>**ORDER** |

      Pending before the Court are: Plaintiff's Motion for Attorneys' Fee under the Equal Access to Justice Act (Doc. 35) and Plaintiff's Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (Doc. 38). The Court now rules on the Motions.

      On January 12, 1998, Plaintiff filed an Application for Disability Insurance Benefits alleging a disability onset date of August 12, 1997. The Social Security Administration denied Plaintiff's application. In an appeal from that decision, the District Court remanded for further proceedings. After additional hearings, the ALJ issued a decision finding Plaintiff disabled from February 2000 to August 9, 2001. In an appeal from that decision, the District Court remanded for further proceedings. After another hearing, the ALJ issued a decision denying Plaintiff's application for benefits. This Court affirmed that decision. The Ninth Circuit Court of Appeals then reversed that decision and remanded for an award of benefits. Plaintiff now moves for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b).

## I. Plaintiff's Motion for Attorneys' Fee under the EAJA

On a motion for attorneys' fees and costs pursuant to the EAJA, a prevailing party is entitled to attorneys' fees unless the government's position was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir. 2002). Under the EAJA, the government's position includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). Furthermore, the Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, (1988) (affirming Ninth Circuit's holding that substantially justified means having a reasonable basis both in law and fact); *see Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2005) ("The Commissioner is substantially justified if his position met the traditional reasonableness standard—that is justified in substance or in the main, or to a degree that could satisfy a reasonable person."). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005).

Here, Defendant argues that a reasonable person could have found the ALJ's decision substantially justified and could have found the Commissioner's defense of that position to be substantially justified. This Court previously affirmed the ALJ's decision and explained that affirmance. (Doc. 27). While the Court recognizes that the Ninth Circuit reversed that decision; the Court nonetheless finds the reasoning in that decision shows that a reasonable person could have found both the ALJ's decision and the Commissioner's defense of that decision to be substantially justified.[1] As a result, the

---

[1] Plaintiff argues that the Court cannot itself make Defendant's position substantially justified through its prior ruling in this case. The Court does not suggest that its prior ruling does render Defendant's decision substantially justified. Rather, in this case, the Court of Appeals found that the ALJ failed to provide "sufficiently specific findings supported by the record," did not give legitimate and specific reasons for rejecting testimony, and for giving "little weight" to the medical opinions of Dr. Parkin, and failed to consider the testimony of Lopez's daughter, and thus, the ALJ's conclusion

- 2 -

Court will deny fees under the Equal Access to Justice Act.

## II. Plaintiff's Motion for Attorneys' Fees under 42 U.S.C. § 406(b)

Plaintiff's counsel seeks $24,478.25 in attorneys' fees pursuant to 42 U.S.C. § 406(b). Section 406(b) provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant. 42 U.S.C. § 406(b)(1)(A). The reasonable fee cannot exceed twenty-five percent of the total past-due benefits awarded to the claimant. *Id.* The fee is payable out of, and not in addition to, the amount of the past-due benefits. *Id.*

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing" social security claimants in court. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Plaintiff and her counsel had a contingent-fee agreement in this case typical of fee agreements in disability benefits cases. The contingent-fee agreement provides that Plaintiff's counsel's fee shall equal twenty-five percent of all past-due benefits awarded to Plaintiff and any other individuals entitled to benefits by reason of the award to Plaintiff. (Doc. 38-1). Twenty-five percent of the total amount of past-due benefits awarded to Plaintiff and others as a result of the Judgment in her favor is $24,478.25. Plaintiff's counsel therefore seeks an award of attorneys' fees in the amount of

---

that Plaintiff could perform her past work was "legally insufficient." (Doc. 34-1). The Court of Appeals did not determine that Plaintiff could not perform her past work, but determined that the ALJ's conclusion was legally insufficient. The substantially justified standard does not require that the government be the prevailing party, but requires that its position was substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) ("The government's failure to prevail does not raise a presumption that its position was not substantially justified.").

As detailed in Defendant's response to Plaintiff's Motion for Attorneys' Fees and, in this Court's prior Order, there was evidence from which a reasonable person could find that the ALJ's decision and the Commissioner's defense of that decision to be substantially justified, and that the position had a reasonable basis in law and fact, even though it was ultimately not a prevailing position. Because this Court's prior Order carefully examines the Commissioner's factual and legal basis supporting its position, the Court sees no reason to rehash the reasons that the position was reasonable. (Doc. 27).

$24,478.25.  The Commissioner does not object to this amount.

Because the Court finds the contingent fee in this case is reasonable, the Court will award Plaintiff's counsel attorneys' fees in the amount of $24,478.25 pursuant to 42 U.S.C. § 406(b).

### III.   Conclusion

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fee under the Equal Access to Justice Act (Doc. 35) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (Doc. 38) is granted in the amount of $24,478.25.

**IT IS FURTHER ORDERED** that, consistent with the mandate of the Court of Appeals (Doc. 34), the Clerk of the Court shall remand this case to the Social Security Administration.

Dated this 2nd day of April, 2013.

James A. Teilborg
Senior United States District Judge